**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOSEPH T. TOY, | |
| Plaintiff, | |
| vs. | Case No. 2:14–cv–1723–APG–VCF |
| SOUTH POINT HOTEL AND CASINO, *et al.*, | **ORDER AND** |
| Defendants. | **REPORT & RECOMMENDATION** |

This matter involves three *pro se* Plaintiff Joseph T. Toy's civil-rights action against South Point Hotel and Casino, the State of Nevada, Clark County, and the Las Vegas Metropolitan Police Department. Before the court is Toy's Application to Proceed *in Forma Pauperis* (#1[1]) and complaint (#1-1). For the reasons stated below, Toy's Application to Proceed *in Forma Pauperis* is granted and his complaint should be dismissed with prejudice.

**BACKGROUND**

Joseph Toy visited South Point Hotel and Casino with his mother on October 14, 2012. (Compl. (#1-1) at 3). South Point employees decided "to make some sort of example" of Toy's mother because they considered her an "undesirable." (*Id.*) The Las Vegas Metropolitan Police Department and an ambulance were called. (*Id.*) They removed Toy and his mother from South Point premises before he and his mother had an opportunity to leave "peacefully." (*Id.*) Toy was released, "but they kept [his] mother." (*Id.*) Now, more than two-years later, Toy brings this section 1983 action "both individually and collectively." (*See id.*)

---

[1] Parenthetical citations refer to the court's docket.

### *IN FORMA PAUPERIS* APPLICATION

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed .Appx. 157 (2nd Cir. 2002).

Here, Plaintiff asserts in his application to proceed *in forma pauperis* that he makes $877.00 per month, pays rent of $475.00, and has "less than $50.00" in a checking or savings account. Accordingly, Plaintiff's applications to proceed *in forma pauperis* is granted.

### LEGAL STANDARD

After a court grants a plaintiff *in-forma-pauperis* status, it must review the operative complaint to determine whether it is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). This review is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. at 680. The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550

U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure for determining whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id*. at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id*. at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id*. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).

If the factual allegation, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id*. (citing FED. R. CIV. P. 8(a)(2)).

However, where a *pro se* litigant is involved, courts are directed to hold the litigant to "less stringent standards." *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hughes v. Rowe*, 449 U.S. 5, 10 n. 7 (1980). "Such litigants often lack the resources and freedom necessary to comply with the technical rules of modern litigation." *Mala v. Crown Bay Marina, Inc*., 704 F.3d 239, 244–45 (3d Cir. 2013) (citing *Moore v. Florida*, 703 F.2d 516, 520 (11th Cir. 1983)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

3

**DISCUSSION**

Toy's complaint should be dismissed for one reason: the statute of limitations has expired. Because section 1983 does not contain a specific statute of limitations, federal courts apply the relevant state statute of limitations governing personal-injury actions. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Alameda Books, Inc. v. City of Los Angeles*, 631 F.3d 1031, 1041 (9th Cir. 2011) ("The statute of limitations applicable to an action pursuant to 42 U.S.C. § 1983 is the personal injury statute of limitations of the state in which the cause of action arose."). In Nevada, personal-injury actions are subject to a two-year statute of limitations. *See* NEV. REV. STAT. 11.190. Here, Toy alleges that the unlawful conduct occurred on October 14, 2012. (Compl. (#1-1) at 3). This is exactly two years and three days before Toy commenced this action on October 17, 2014. Therefore, Toy's complaint is barred by the statute of limitations.

Even if Toy's complaint were not barred in its entirety by the statute of limitations, some of Toy's claims would still be dismissed as a matter of law. Toy's complaint states causes of action on behalf of his mother against the State of Nevada. It is well settled that one person cannot bring claims vicariously on behalf of another person. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992) (stating that in order to commence as lawsuit the plaintiff must have "standing," which requires *inter alia* the plaintiff—rather than his mother—to have suffered "an injury in fact"). Additionally, it is also well settled that a state cannot be sued under section 1983. *See Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).[2]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

---

[2] Because Toy's complaint is barred by the statute of limitations, the court did not reach the question of whether the complaint states a plausible claim under *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

IT IS FURTHER ORDERED that Plaintiffs are permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court file the complaint.

IT IS RECOMMENDED that Plaintiff's Complaint (#1-1) be DISMISSED WITH PREJUDICE.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 21st day of October, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE