**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| JOSEPH T. TOY, | Case No. 2:14-CV-01723-APG-VCF |
| Plaintiff, | |
| v. | **ORDER** |
| SOUTH POINT HOTEL AND CASINO, *et al.*, | (Dkt. #2) |
| Defendants. | |

Pro se plaintiff Joseph Toy alleges that on October 14, 2012, employees of Defendant South Point Hotel and Casino summoned the police and an ambulance to "forcibly remove" Toy and his mother from the South Point premises. (Dkt. #3 at 3.) He brings claims on his own behalf and on behalf of his mother under 42 U.S.C. § 1983 for alleged violations of their constitutional rights. (*Id.* at 2.)

On October 21, 2014, Magistrate Judge Ferenbach entered a Report & Recommendation (Dkt. #2) recommending I dismiss this case as barred by the statute of limitations. Judge Ferenbach also recommended that even if the complaint should not be dismissed in its entirety, Toy cannot assert his mother's rights. Judge Ferenbach also recommended dismissal of Defendant State of Nevada because a state cannot be sued under § 1983.

No objection has been filed. I nevertheless conducted a de novo review of the issues set forth in the Report & Recommendation.

**A. Claims on Behalf of Plaintiff Toy's Mother**

Toy's complaint purports to assert claims on behalf of himself and his mother. (Dkt. #3 at 3.) "Generally, a plaintiff may only bring a claim on his own behalf, and may not raise claims based on the rights of another party." *Pony v. Cnty. of L.A.*, 433 F.3d 1138, 1146 (9th Cir. 2006). Accordingly, Toy cannot assert claims based on alleged injuries to his mother. His claims on his mother's behalf are therefore dismissed with prejudice.

**B. Defendant State of Nevada**

A state is not a "person" amenable to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Toy's claims against the State of Nevada are also therefore dismissed with prejudice.

**C. Statute of Limitations**

A court may dismiss an action under 28 U.S.C. § 1915(e) where a defense is "complete and obvious from the face of the pleadings or the court's own records." *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). However, a court should not dismiss based on the statute of limitations unless it is evident from the face of the complaint that the limitations period has run and the plaintiff could not prove the limitations period was tolled. *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275-76 (9th Cir. 1993). Further, before dismissing a pro se complaint, a court "must provide the litigant with notice of the deficiencies in his complaint" and "should not dismiss a pro se complaint without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quotation omitted).

The limitations period for Toy's § 1983 claims is two years. *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014). Toy's claims accrued when he knew or had reason to know of the injury forming the basis of his claims. *Id.*

It is apparent from the face of the complaint the limitations period has run. According to the complaint, the incident in question occurred on October 14, 2012. (Dkt. #3 at 3.) Given the allegations regarding the incident, which allegedly involved personally removing Toy from the property, he would have known of his injuries the day the incident happened. Toy filed his complaint on October 17, 2014, more than two years from the date his claims accrued. (Dkt. #1.) Nevertheless, I will grant Toy an additional opportunity to explain why his claims are not barred by the statute of limitations. Toy must show cause in writing on or before February 23, 2015, why his claims should not be dismissed as barred by the statute of limitations. Failure to respond will result in dismissal of his claims without further notice.

**D. Conclusion**

IT IS THEREFORE ORDERED that the Report & Recommendation (Dkt. #2) is adopted in part.

IT IS FURTHER ORDERED that Plaintiff Joseph Toy's claims asserted on behalf of his mother are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff Joseph Toy's claims against Defendant State of Nevada are DISMISSED with prejudice.

IT IS FURTHER ORDERED that Plaintiff Joseph Toy shall show cause in writing on or before February 23, 2015, why his remaining claims should not be dismissed as barred by the statute of limitations.  Failure to respond will result in dismissal of Toy's claims without further notice.

DATED this 23rd day of January, 2015.

ANDREW P. GORDON  
UNITED STATES DISTRICT JUDGE